## GENERAL ATLANTIC S. S. CORPORATION v. BUTTERWORTH et al.

### Civ. No. 3975.

United States District Court
W. D. Pennsylvania.
March 29, 1949.

Morris M. Berger, of Pittsburgh, Pa., for plaintiff.

Sebastian C. Pugliese, of Pittsburgh, Pa., for defendants.

McVICAR, District Judge.

This action is before the Court on the motion of defendants to dismiss because of lack of jurisdiction.

In the complaint, the General Atlantic Steamship Corporation, plaintiff, avers that it is the lessee in four leases for surface land and coal, situate in Cambria County, Pennsylvania, made in August 1943 to plaintiff, inter alia; that defendants have wrongfully evicted the plaintiff from the surface land and coal described in said leases and that by reason thereof, plaintiff has been damaged, which damages include royalty heretofor paid by plaintiff.

The first reason assigned by defendants to support their motion to dismiss is that the Court is without jurisdiction because of the failure of plaintiff to join as party plaintiff V. A. Lorenzo of Pittsburgh, Pennsylvania, a co-tenant and co-obligee in the leases aforesaid and that he is an indispensable party to this cause of action.

Plaintiff is a citizen of the State of New York. The defendants are citizens of Pennsylvania. If Lorenzo was joined as a party plaintiff, this Court would be without jurisdiction as there would not be a diversity of citizenship between all the plaintiffs and all the defendants.

█ In the leases the name of Lorenzo appears as a lessee. The other averments of the complaint do not show that he has any interest in the subject of the action. If Lorenzo has an interest in this action by reason of the aforesaid leases, it is an interest as a tenant in common. See Kennedy's Appeal, 1869, 60 Pa. 511, and Katz v. Johnston, 1896, 178 Pa. 346, 35 A. 981. Such an interest would not make him an indispensable party. This has been ruled recently by the Circuit Court of Appeals for the Third Circuit. See Chidester et al. v. City of Newark, et al., 1947, 162 F. 2d 598. It follows that the first reason does not sustain defendants' motion.

█ The second reason that defendants allege in favor of their motion is that on March 24, 1944, before this action was instituted, the plaintiff assigned all its right, title and interest, upon which this action is based, to the Climax Coal Mining Corporation, a Pennsylvania corporation. There is no averment in the pleadings which sustains the facts set forth in this

232

reason. Plaintiff, by its answer, denies that there was an assignment. There is no proof that the alleged assignment was made. If such assignment was made, however, plaintiff would have the right to recover damages it sustained, if any, while it was the owner of the aforesaid leases.

The motion to dismiss should be refused.